IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF FLORIDA

FLOW COMPONENTS AND
INDUSTRIAL SUPPLY, INC.,          CASE NO.
    Plaintiff,

v.

JESUS BLANCO,
    Defendant.
_____/

**COMPLAINT AND DEMAND FOR JURY TRIAL**

FLOW COMPONENTS AND INDUSTRIAL SUPPLY, INC. (herein after referred to as ("FLOW COMPONENTS" or "the Company"), by and through the undersigned counsels, hereby files this cause of action against JESUS BLANCO and in support thereof states the following:

1.    FLOW COMPONENTS is a Florida corporation in the business of providing industrial hoses, gaskets, hydraulics, expansion joints and more throughout North America, including Canada and in Mexico. It is a "person" as defined by the Computer Fraud and Abuse Act.

2.    Defendant, JESUS BLANCO (herein after referred to as "BLANCO"), is a former employee of FLOW COMPONENTS; responsible, in part for internal sales with AMAZON, an online retailer.

3.    BLANCO was hired on or about September 11, 2020, as a laborer. In early 2021, BLANCO approached members of management and expressed an interest in creating a sales opportunity with AMAZON.

4.    BLANCO said that he had experience in internet sales and that he would take the lead in setting up a merchant account with AMAZON, on behalf of FLOW COMPONENTS.

5. FLOW COMPONENTS did so authorize the creation on an internet sales account on behalf of FLOW COMPONENTS, wherein company products would be sold in interstate and international commerce.

6. The internet sales account was the property of FLOW COMPONENTS for the sole purpose of marketing and selling its products and said information, including passwords and user identifications were confidential, with significant measures being taken to maintain the confidentiality of said information.

7. FLOW COMPONENTS continued to procure sales through the internet sales platform, with BLANCO, solely having access to monitor and process sales through the platform.

8. During BLANCO'S employment he engaged in multiple acts of misconduct and inappropriate conduct, including but not limited to, informing David Shahin, CEO of FLOW COMPONENTS that he was in need of money to reinstate his suspended drivers' license and upon receipt of said money not using the same in reinstate his license or otherwise accounting for the money; making personal claims for charitable gifts from his employer under fraudulent pretenses; defrauding the company from profits; and spreading falsehoods in the workplace.

9. On or about November 5, 2022, after lack of improvement, BLANCO was terminated.

10. BLANCO unlawfully accessed FLOW COMPONENTS' internet merchant sales account from a Company Computer, terminating the Company's merchant site, terminating sales, removing products for sale and otherwise deleting and modifying FLOW

COMPONENTS' account, such as to prohibit and terminate internet sales. All of the above was without the permission or authorization of FLOW COMPONENTS.

11. Among other things, BLANCO'S conduct amounted to a theft of FLOW COMPONENTS' property.

12. FLOW COMPONENTS lost numerous sales, potential sales and marketing opportunities as a direct result of BLANCO'S actions.

13. BLANCO'S conduct was in violation of the Computer Fraud and Abuse Act, 18 U.S.C. § 1030 et. seq., and the Stored Communications Act, 18 U.S.C. § 2701 et. seq., as well as fiduciary and loyalty duties owed to FLOW COMPONENTS. FLOW COMPONENTS has retained DSK Law and is liable for reasonable attorneys' fees and costs.

14. This Court has jurisdiction over this action under 28 U.S.C. § 1331 because the claims herein are being brought under the laws of the United States. This Court also has supplemental jurisdiction over FLOW COMPONENTS' remaining claims pursuant to 28 U.S.C. § 1367 (a).

15. Venue is appropriate in this Court, as all actions relevant to this action occurred in the area in Polk County, Florida.

**COUNT I: VIOLATION OF THE COMPUTER FRAUD AND ABUSE ACT**

16. FLOW COMPONENTS re-alleges and restates Paragraphs 1 through 15.

17. This is an action for violation of the Computer Fraud and Abuse Act ("CFAA"), 18 U.S.C. § 1030 (a)(2)(C), by BLANCO intentionally accessing at least one Company computer used in or affecting interstate commerce or communications, without authorization or by exceeding authorized access to such computer(s), and by obtaining or utilizing information from the Company's protected computers.

18. The computer files, including merchant account(s), accessed without the Company's authorization were maintained on the Company's computers and computer system, which are protected computers within the meaning of 18 U.S.C. § 1030( e)(2), in that they were used by the Company to engage in interstate and international commerce and communications; partly for the purpose of conducting business across state lines via the internet.

19. At all times relevant to this action, BLANCO was not authorized to access the computer(s) described above and such access was contrary to the interest and policies of the Company.

20. BLANCO kept his unauthorized activities a secret.

21. By engaging in the above referenced conduct, BLANCO knowingly acted in violation of his duty of loyalty and fiduciary duty by utilizing dishonest methods to sabotage the Company in violation of the CFAA.

22. BLANCO knowingly caused and commanded the transmission of computer files or information and as a result of such conduct, intentionally and without authorization caused damage in violation of the CFAA, 18 U.S.C. § 1030 (a)(5)(B) and (C ).

23. As a result of BLANCO'S misconduct and violations of the CFAA, the Company has suffered "damage" and "loss", as those terms are interpreted under the CFAA, in an amount exceeding $5,000.00, which includes profits lost, potential profits lost, and investigation into BLANCO'S violations (including forensic computer expert or analyst costs and attorneys' fees incurred as part of investigation)

WHEREFORE, FLOW COMPONENTS respectfully requests judgment against BLANCO for actual damages and preliminary and injunctive relief, and such other relief that this Court deems just and proper.

## **COUNT II: VIOLATION OF STORED COMMUNICATIONS ACT**

24. FLOW COMPONENTS realleges and restates Paragraphs 1 through 15 as set forth above.

25. BLANCO violated the Stored Communications Act (SCA), 18 U.S.C. § 2701, by intentionally accessing, without authorization or by intentionally accessing in excess of authorization, a facility through which an electronic service is provided and thereby obtaining, altering, or preventing authorized access to an electronic communication while it is in storage in such system.

26. BLANCO intentionally accessed, without authorization or exceeded the access authorized to the Company's systems, computer(s) and account(s). Those systems, computers and accounts, are each "a facility" under the SCA. The accounts were accessed through a password and user identifications, which were the property of the Company.

27. BLANCO'S conduct was willful and intentional, as BLANCO was aware that his access to the facility was not authorized and not authorized for an improper purpose.

28. The Company has been damaged by BLANCO'S illegal access to its facilities.

WHEREFORE, FLOW COMPONENTS seeks all damages allowable under SCA, including, but not limited to, damages, statutory damages, punitive damages, injunctive relief, reasonable attorneys' fees and costs, and any other relief that this Court deems is just and proper.

**COUNT III: BREACH OF COMMON LAW FIDUCIARY DUTY AND DUTY OF LOYALTY**

29. FLOW COMPONENTS re-alleges and restates Paragraphs 1 through 15 as set forth above.

30. BLANCO was in a position of trust with the Company, having access to sensitive information and password(s) related to the Company's sales and marketing.

31. BLANCO'S fiduciary duty and duty of loyalty included the duty to act in the Company's best interests; refrain from taking, misusing, or using the Company's property (including merchant account(s)) without authorization.

32. BLANCO breached its duties and the Company suffered and continues to suffer damages/economic losses and irreparable injuries as a direct and proximate result of BLANCO'S conduct.

WHEREFORE, FLOW COMPONENTS respectfully requests judgment against BLANCO for actual damages and preliminary and injunctive relief, and such other relief that this Court deems just and proper.

**COUNT IV: TORTIOUS INTERFERENCE WITH BUSINESS RELATIONSHIP**

33. FLOW COMPONENTS realleges and restates Paragraphs 1 through 15 as set forth above.

34. This is an action for tortious interference with business relationships.

35. At all times relevant to this action, BLANCO was aware that FLOW COMPONENTS maintained and continued to develop business relationships with current and potential customers via its internet merchant account and internet presence, for the purpose of marketing its business and selling its products.

36. BLANCO erased, terminated or modified FLOW COMPONENTS' merchant account and in doing so interfered with FLOW COMPONENTS' business relationships with existing and potential customers.

37  BLANCO'S above referenced conduct was without justification.

38. As a direct and proximate cause of BLANCO'S conduct, FLOW COMPONENTS has suffered loss of present and future customers, loss of business reputation and integrity.

WHEREFORE, FLOW COMPONENTS requests that this Court enter a judgement against BLANCO for damages, interest, court costs, attorneys' fees and any other relief that this Court deems is just and proper.

## PRAYER FOR RELIEF

FLOW COMPONENTS requests that a judgment be entered against BLANCO for compensatory and actual damages, costs, and expenses incurred by the Company, attorneys' fees, punitive and exemplary damages for BLANCO'S willful, wanton and malicious conduct, pre and post judgment interest; declaratory relief, injunctive relief and any other relief that this Court deems is just and proper.

DSK Law
De Beaubien, Simmons, Knight,
Mantzaris & Neal, LLP

*/s/ Lindsay N. Greene*
**Lindsay N. Greene, Esquire**
Florida Bar No. 269610
332 N. Magnolia Avenue
Orlando, Florida 32801
Phone: (407) 422-2454
Facsimile: (407) 849-1845
lgreene@dsklawgroup.com (Primary)
*Attorneys for the Plaintiff*