# IN THE UNITED STATES DISTRICT COURT
# FOR THE MIDDLE DISTRICT OF FLORIDA

FLOW COMPONENTS AND
INDUSTRIAL SUPPLY, INC.,

CASE NO. 8:23-cv-400-WFJ-AEP

    Plaintiff,

v.

JESUS BLANCO,

    Defendant.
_____/

## PLAINTIFF'S AMENDED VERIFIED MOTION FOR FINAL DEFAULT JUDGMENT AND INCORPORATED MEMORANDUM OF LAW

Plaintiff, FLOW COMPONENTS AND INDUSTRIAL SUPPLY, INC., by the undersigned attorneys, pursuant to Rule 55, Federal Rules of Civil Procedure and Local Rule 1.10, moves this Honorable Court for the entry of a Judgment on the Pleadings.

In support thereof, Plaintiff states as follows:

## STATEMENT OF MATERIAL FACTS

### Parties, Jurisdiction, Venue

1.    FLOW COMPONENTS is a Florida corporation in the business of providing industrial hoses, gaskets, hydraulics, expansion joints and more

1

throughout North America, including Canada and in Mexico. It is a "person" as defined by the Computer Fraud and Abuse Act.

2. Defendant, JESUS BLANCO (herein after referred to as "BLANCO"), is a former employee of FLOW COMPONENTS; responsible, in part for internal sales with AMAZON, an online retailer.

3. BLANCO was hired on or about September 11, 2020, as a laborer. In early 2021, BLANCO approached members of management and expressed an interest in creating a sales opportunity with AMAZON.

4. BLANCO said that he had experience in internet sales and that he would take the lead in setting up a merchant account with AMAZON, on behalf of FLOW COMPONENTS.

5. FLOW COMPONENTS did so authorize the creation of an internet sales account on FLOW COMPONENT'S computer system and on behalf of FLOW COMPONENTS, wherein company products would be sold in interstate and international commerce.

6. The internet sales account was the property of FLOW COMPONENTS for the sole purpose of marketing and selling its products and said information, including passwords and user identifications were

confidential, with significant measures being taken to maintain the confidentiality of said information.

7. FLOW COMPONENTS continued to procure sales through the internet sales platform, with BLANCO, solely having access to monitor and process sales through the platform.

8. During BLANCO'S employment he engaged in multiple acts of misconduct and inappropriate conduct, including but not limited to, informing David Shahin, CEO of FLOW COMPONENTS that he was in need of money to reinstate his suspended drivers' license and upon receipt of said money not using the same to reinstate his license or otherwise accounting for the money; making personal claims for charitable gifts from his employer under fraudulent pretenses; defrauding the company from profits; and spreading falsehoods in the workplace.

9. BLANCO unlawfully accessed FLOW COMPONENTS' internet merchant sales account from a Company Computer, terminating the Company's merchant site, terminating sales, removing products for sale and otherwise deleting and modifying FLOW COMPONENTS' account, such as to prohibit and terminate internet sales. All of the above was without the permission or authorization of FLOW COMPONENTS.

10. Among other things, BLANCO'S conduct amounted to the theft of FLOW COMPONENTS' property.

11. FLOW COMPONENTS lost numerous sales, potential sales and marketing opportunities as a direct result of BLANCO'S actions.

12. BLANCO'S conduct was in violation of the Computer Fraud and Abuse Act, 18 U.S.C. § 1030 et. seq., and the Stored Communications Act, 18 U.S.C. § 2701 et. seq., as well as fiduciary and loyalty duties owed to FLOW COMPONENTS. FLOW COMPONENTS has retained DSK Law and is liable for reasonable attorneys' fees and costs.

13. This Court has jurisdiction over this action under 28 U.S.C. § 1331 because the claims herein are being brought under the laws of the United States. This Court also has supplemental jurisdiction over FLOW COMPONENTS' remaining claims pursuant to 28 U.S.C. § 1367 (a).

14. Venue is appropriate in this Court, as all actions relevant to this action occurred in the area in Polk County, Florida.

## Factual And Legal Bases For The Entry Of A Default Judgment

15. Plaintiff's Complaint was filed on February 22, 2023. Defendant, Jesus Blanco, was duly served on May 15, 2023. A true and correct copy of the Affidavit of Service was filed with this Court on May 17, 2023.

16.     The time period for Defendant to file a responsive pleading expired on June 7, 2023, and no responsive pleading was filed.

17.     A Clerk's Default was entered on June 27, 2023.

18.     The instant Motion is filed timely.

## **Liability**

19.     Under Rule 55(b), a defendant's failure to appear or otherwise respond to a complaint entitles the plaintiff to a default. Once default is entered, all well-pleaded facts set forth in the complaint are deemed admitted and therefore true. In order to be entitled a default final judgment, the plaintiff must nevertheless make a sufficient showing that those well-pleaded and now established facts support liability under each of the plaintiff's causes of action. See, e.g., Jaguar Imports, LLC v. Phoenix Glob. Ventures, Inc., No. 612CV1486ORL31KRS, 2013 WL 12170484, at *1 (M.D. Fla. Mar. 21, 2013) (holding that a plaintiff must "state in the liability section of its memorandum of law the elements of each cause of action on which it seeks a default judgment and show with pinpoint citations to the amended complaint how the well-pleaded facts in the amended complaint establish each element."). As set forth below, plaintiff pled factual averments that establish the Defendant's liability on each of the Plaintiff's causes of action.

20. BLANCO'S conduct was in violation of the Computer Fraud and Abuse Act, 18 U.S.C. § 1030 et. seq., and the Stored Communications Act, 18 U.S.C. § 2701 et. seq., as well as fiduciary and loyalty duties owed to FLOW COMPONENTS. FLOW COMPONENTS has retained DSK Law and is liable for reasonable attorneys' fees and costs.

21. In order to establish a claim under the Computer Fraud and Abuses Act("CFAA") , plaintiff must have alleged that a defendant: "(1) intentionally accessed a computer, (2) lacked authorization or exceeded his authorized access to the computer, (3) obtained information from the computer, and (4) caused a ***loss*** of at least $5,000.00 to [Plaintiff]." See ***Clarity Services, Inc. v. Barney*** 698 F.Supp.2d 1309, 1313 (M.D. Fla. 2010) (citing 18 U.S.C. §§ 1030(g); (a)(2)(C)). [emphasis added]

22. The statute defines "loss" to mean "any reasonable cost to any victim, including the cost of responding to an offense, conducting a damage assessment, and restoring the data, program system, or information to its condition prior to the offense, and any revenue lost, cost incurred, or other consequential damages incurred because of interruption of service." See 18 U.S.C. § 1030(11). The statute focuses on accessing a computer owned by a plaintiff or a victim and thereby causing harm. See ***Nianni, LLC v. Fox***, 2011 WL 5357820, at *3 (M.D. Fla. Nov. 7, 2011)

23. Further, the statute defines "damage" to mean, "any impairment to the integrity or availability of data, a program, a system, or information." 18 U.S.C. § 1030(e)(8). See *Nianni* 2011 WL 5357820, at *4 (M.D. Fla. Nov. 7, 2011)

24. In the present matter, Plaintiff alleged that after Defendant was terminated that he accessed Plaintiff's computer system and unlawfully accessed FLOW COMPONENTS' internet merchant sales account from a Company Computer, terminating the Company's merchant site, terminating sales, removing products for sale and otherwise deleting and modifying FLOW COMPONENTS' account, such as to prohibit and terminate internet sales. All of the above was without the permission or authorization of FLOW COMPONENTS'. See Complaint ¶¶ 4-12, 17-19, and 21-22. Plaintiff satisfactorily established that its damages exceeded the $5,000.00 threshold. See Complaint ¶ 23; See also Mark Shahin Affidavit ¶¶ 4, 6 (herein after "Shahin's Affidavit").

25. Several courts have held that "any computer with Internet access" is a "protected computer" and, thus, is "a subject of the [CFAA's] protection." See ***Big Rock Sports, LLC v. AcuSport Corp.***, Case No. 4:08-CV-159, 2011 WL 4459189, at *1 (E.D. N.C. Sept. 26, 2011); *see also United States v. Trotter*, 478 F.3d 918, 921 (8th Cir. 2007) (holding that the

7

accessed computer was "protected" because the defendant "admitted the computers were connected to the Internet"); ***Simmonds Equp., LLC v. GGR Int'l, Inc.***, 126 F.Supp.3d 855, 863 (S.D. Tex. 2015) ("Pleading specific facts that the defendant accessed a computer connected to the internet is sufficient to establish that the accessed computer was 'protected.' ") (quoting ***Merritt Hawkins & Assoc. v. Gresham***, 948 F.Supp.2d 671, 674 (N.D.Tex. 2013)).

26. Plaintiff rightfully seeks to recover its lost profits, the costs for an expert assessment of the damages, punitive damages and attorneys' fees and costs. The damages recoverable under the CFAA and the SCA can overlap. Accordingly, in ***Brown Jordan International, Inc., v. BJI Holding***, the district court found the money paid by plaintiff to investigators to be recoverable damages under both the CFAA and the SCA. No. 14-CV-60629, 2016 WL 815827 at *42, 44 (S.D. Fla. Mar. 2, 2016); See also ***Hamilton Grp. Funding, Inc. v. Basel***, No. 16-61145-CIV, 2019 WL 3765340, at *5 (S.D. Fla. Aug. 7, 2019)

27. The second claim is brought by the Stored Communications Act ("SCA") 18 U.S.C. §§ 2701–2712, which establishes a criminal offense for anyone who "intentionally accesses without authorization a facility through

which an electronic communication service is provided" or "intentionally exceeds an authorization to access that facility." 18 U.S.C. § 2701(a)(l)–(2).

28. Like the CFAA, the SCA provides a civil cause of action for "any provider of electronic communications service, subscriber, or other person aggrieved" by an intentional violation of the Act. 18 U.S.C. § 2707(a). In ***Estes Forwarding Worldwide LLC v. Cuellar***, 239 F. Supp. 3d 918 (E.D. Va. 2017), the court held that the employer sufficiently alleged that former employee accessed employer's cloud storage account after his termination without access, so as to state claim for violation of Stored Communications Act (SCA), although employee created account; employee created account while acting in course and scope of employment and for benefit of employer, not for personal use, account belonged to employer, which authorized employees to use it. ***Id.***

29. Identical to ***Estes***, the Defendant accessed the Plaintiff's computer system after his termination and did so for the purpose of shutting down Plaintiff's online merchant presence.

30. § 2707 governs civil actions brought under the SCA and sets forth available relief for violations of § 2701(a). It provides, in relevant part,

(a) Cause of action.—Except as provided in section 2703(e), any provider of electronic communication service, subscriber, or other person

9

aggrieved by any violation of this chapter in which the conduct constituting the violation is engaged in with a knowing or intentional state of mind may, in a civil action, recover from the person or entity ... which engaged in that violation such relief as may be appropriate.

(b) Relief.—In a civil action under this section, appropriate relief includes—

(1) such preliminary and other equitable or declaratory relief as may be appropriate:

(2) damages under subsection (c); and

(3) a reasonable attorney's fee and other litigation costs reasonably incurred.

(c) Damages.—The court may assess as damages in a civil action under this section the sum of the actual damages suffered by the plaintiff and any profits made by the violator as a result of the violation, but in no case shall a person entitled to recover receive less than the sum of $1,000. If the violation is willful or intentional, the court may assess punitive damages. In the case of a successful action to enforce liability under this section, the court may assess the costs of the action, together with reasonable attorney fees determined by the court.

31. The damages of lost profits and costs to investigate are supported by the expert report prepared by Alexander Dokuchaev, CPA/ABV, CFE, MSA and Affidavit of Shahin submitted herewith as Exhibits "A" and "B". Pursuant to § 2701 (c), Plaintiff seeks punitive damages based upon Defendant's willful conduct. See ¶ 27 of Complaint.

32. Because it has proved actual damages under the SCA, Plaintiff may be awarded punitive damages. The SCA states that "[i]f the violation is willful or intentional, the court may assess punitive damages." 18 U.S.C. §

2707(c). In ***Vista Mktg., LLC v. Burkett***, 812 F.3d 954, 975 n.15 (11th Cir. 2016), the Eleventh Circuit wrote: "[i]t is difficult to conceive of a violation of § 2707(c) that would not be intentional…. virtually all violations under § 2707(a) are subject to an award of punitive damages."

33. As set forth in the Complaint and Shahin's Affidavit, Plaintiff has suffered compensable damages in four ways, namely lost profits, cost of investigation, punitive damages and attorney fees. Shahin's Affidavit, Mr. Dokuchaev's Report, and the Complaint speak for themselves as to the first three damages sought, and amply show how the Defendants' conduct directly and proximately led to these damages.

34. In the Complaint, Plaintiff amply described how the Defendant, upon his termination, took affirmative steps to gain unauthorized access the Plaintiff's computer system for the sole purpose of sabotaging Plaintiff's online merchant account so that Plaintiff would suffer financial losses. Plaintiff satisfies a showing that Defendant's conduct was "willful", thus warranting punitive damages.

35. The damages provisions of the CFAA and SCA encompass provisions for an award of reasonable attorney's fees and costs. See 18 U.S.C. § 2707(b). Multiple courts have recognized that "loss" under the CFAA may include attorney's fees incurred for work done in response to a violation,

11

including fees incurred in obtaining a default judgment. See ***Hamilton Grp. Funding, Inc. v. Basel***, No. 16-61145-CIV, 2019 WL 3765340, at *4 (S.D. Fla. Aug. 7, 2019)

36. The Court applies the "lodestar" method to determine reasonable attorney's fees in this action. See ***Norman v. Hous. Auth. of Montgomery***, 836 F.2d 1292, 1299-1302 (11th Cir. 1988); ***Bivins v. Wrap It Up, Inc.***, 548 F.3d 1348, 1350 (11th Cir. 2008). The support for attorneys' fees and costs are supported by the undersigned's Attorneys' Fees Affidavit submitted herewith as Exhibits "C" and the Affidavit of Shahin ¶¶ 7.

37. In exercising that discretion, the Court is to "consider the violating party's degree of culpability and the nature of the violating conduct in assessing attorney's fees and nontaxable costs." Therefore, Plaintiff may seek costs beyond those awardable under 28 U.S.C. § 1920, subject to the Court's discretion. See ***Hamilton Grp. Funding, Inc. v. Basel***, 2019 WL 3765340, at *6 (S.D. Fla. Aug. 7, 2019).

WHEREFORE, Plaintiff, FLOW COMPONENTS', respectfully requests that this Honorable Court enter an order and final judgment consistent with this Motion as follows:

 b. $90,000.00 in punitive damages;

 c. $20,877.00 in reasonable attorneys' fees and costs, not including expert fees ($8,865.00); and

 d. And grant such other and further relief deemed just and proper.

DATED this September 6th, 2023

## CERTIFICATE OF SERVICE

I **HEREBY CERTIFY** that on August 10, 2023, I electronically filed the foregoing document with the Clerk of Court using the CM/ECF system.

 September 6, 2023

            */s/ Lindsay N. Greene*
            Lindsay N. Greene.
            Florida Bar Number 269610
            de Beaubien, Simmons, Knight,
            Mantzaris & Neal, LLP
            332 North Magnolia Avenue
            Post Office Box 87
            Orlando, Florida 32802-0087
            Telephone: (407) 422-2454
            Facsimile: (407) 849-1845
            LGreene@dsklawgroup.com
            EBarker@dsklawgroup.com
            Attorneys for Plaintiff

The foregoing instrument was acknowledged before me by means of [X] physical presence or [ ] online notarization, this date of September 6, 2023, MARK SHAHIN, who is personally known to me or who has produced _____ as identification.]



*Becky a Parret*
Notary Public

*Becky A. Parrett*
Name Typed, Printed or Stamped

My Commission Expires: Jan 1, 2026

14